IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY DAVID BLACKWELL,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:13-CV-0956-K-BK |
| UNION GASPEL MISSION, et al.,<br>　　Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* complaint against Union Gospel Mission and Bill Thompson, and the Court granted his motion to proceed *in forma pauperis*. Plaintiff alleges, *in toto*, that Bill Thompson "violates Rights of Freedom of Religion by shamefully excessively exposeing [sic] one's nudest body." (Doc. 3 at 1).

Even when liberally construed in light of Plaintiff's *pro se* status, the complaint should be dismissed *sua sponte* as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Even assuming Defendants were acting under color of state law,[1] Plaintiff's bare allegations of being subjected to nudity do not rise to the level of a constitutional violation. Thus, the complaint lacks any arguable basis in law and should be dismissed as frivolous.

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(b).

SIGNED March 20, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] To state a claim under section 1983, a plaintiff must allege facts that show that (1) he has been deprived by the defendants of a right secured by the Constitution and the laws of the United States, and (2) the defendants were acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).